United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0174 MAG |
| Plaintiff(s), | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| RYAN M. FARRELL, | |
| Defendant(s). | |

### INTRODUCTION

Before the Court is defendant Ryan M. Farrell's Motion to Dismiss for Lack of Jurisdiction, filed May 15, 2007.  (Doc. #11.)  On August 9, 2007, the Court held a hearing on the matter.  Joshua Templet appeared on behalf of the United States, and Timothy Bratt appeared on behalf of Mr. Farrell.  Upon consideration of the parties' papers, oral arguments at the August 9 hearing, relevant legal authority, and good cause appearing, the Court **DENIES** Farrell's motion for the reasons set forth below.

### BACKGROUND

On March 27, 2007, the United States filed a Complaint against Mr. Farrell charging him with violating 36 C.F.R. §§ 2.14 and 2.34.  According to the Affidavit in Support of Criminal Complaint, prepared by Robert Connor of the United States Park Police, an incident took place on December 22, 2006, between Mr. Farrell and another individual in the parking lot of China Beach.

In his affidavit, Connor states that the China Beach parking lot is part of the Golden Gate National Recreation Area. Mr. Farrell was subsequently charged with acting in a disorderly manner in violation of 36 C.F.R. § 2.34(a)(1), using threatening language in violation of 36 C.F.R. § 2.34(a)(2), and disposing of human bodily waste in violation of 36 C.F.R. § 2.14.

On May 15, 2007, Mr. Farrell filed a Motion to Dismiss the charges, arguing that the China Beach parking lot is not part of the Golden Gate National Recreation Area and, therefore, not subject to this Court's jurisdiction. Mr. Farrell noticed his motion for a hearing on June 14, 2007, which the Court later continued to June 21. (Doc. #15.) Although the United States filed an Opposition, (Doc. #16), Mr. Farrell did not timely file a reply. Accordingly, the Court ordered Mr. Farrell to show cause why his motion should not be denied for failure to respond to the government's opposition.

On June 21, 2007, the Court held a hearing on the matter, at which time Mr. Farrell's counsel, Timothy Bratt, requested additional time to conduct research and file a reply. Good cause appearing, the Court vacated the order to show cause and granted Mr. Farrell until July 26, 2007 to file a reply. Given the extension, the Court also granted the government the opportunity to file a sur-reply and scheduled a further hearing on August 9, 2007. (Doc. #19.)

On July 26, 2007, Mr. Farrell filed a Reply (Doc. #21), and the government filed its Sur-reply on August 2. (Doc. #23.)

On August 9, 2007, the Court held a further hearing on the matter. At the hearing, the government submitted three exhibits for the Court's consideration.[1] (Doc. #25, Exs. A-C.)

**DISCUSSION**

The December 22, 2006 incident is not the issue of the present motion; rather, Mr. Farrell argues that the China Beach parking lot is not part of the Golden Gate National Recreation Area and, therefore, not subject to this Court's jurisdiction. Specifically, Mr. Farrell argues that the United States has not satisfied the "Acceptance of Jurisdiction" requirements of 40 U.S.C. § 3112(b).

---

[1] Although Defendant's counsel withdrew any objections to the exhibits, he questioned a line on the map which suggests that the parking lot is not of the Golden Gate National Recreation Area and, therefore, not subject to this Court's jurisdiction. Given counsel's dispute, the Court shall consider the legal description of the property as contained in the exhibits.

The Property Clause of the United States Constitution grants Congress the power "to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States. . .." U.S. Const. art. IV, § 3, cl.2. That Congress is empowered by the Property Clause to regulate federal land through legislation is well-settled law. *Utah Power and Light Co. v. United States*, 243 U.S. 398, 404 (1917) ("From the earliest times Congress by its legislation . . . has regulated in many particulars the use by others of the lands of the United States, [and] has prohibited and made punishable various acts calculated to be injurious to them or to prevent their use in the way intended . . ..") Likewise, the Supreme Court ruled that the federal government "doubtless has a power over its own property analogous to the police power of the several states," including "powers both of a proprietor and of a legislature over the public domain." *Camfield v. United States*, 167 U.S. 518, 525 (1897). These powers include the authority to enact legislation to protect the public on federal property. *Id.*

In order for a federal court to exercise jurisdiction over a criminal action, the offense must have occurred within "lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be." 18 U.S.C. § 7(3) (2000); *see* also *Volk v. U.S.*, 57 F. Supp. 2d 888, 893 (N.D. Cal. 1999). As part of the Golden Gate National Recreation Area, the China Beach parking lot is administered by the National Park Service per Title 16, United States Code, Section 460bb-3(a), which provides: "The Secretary [of the Interior] shall administer the lands, waters and interests therein acquired for the [Golden Gate National] recreation area in accordance with the provisions of sections 1, 2, 3, and 4 of this title."

In his reply, Mr. Farrell argues that the government has not filed a notice of acceptance of jurisdiction under 40 U.S.C. § 3112. However, in prosecuting a federal crime, the government need not establish legislative jurisdiction (whether exclusive, concurrent, or partial) where it is empowered by the Property Clause to regulate its land. *Kleppe v. New Mexico*, 426 U.S. 529, 543 & 545 (1976). In *Kleppe*, when the federal Bureau of Land Management sought to regulate wild horses and burros under Title 16 of the United States Code, the New Mexico Livestock Board

1 asserted that the Federal Government lacked power to control these wild animals on the public lands
2 of the United States. *Id.* at 532-33.  Appellees argued that Congress could obtain legislative
3 jurisdiction over federal land in a state only by state consent and, in the absence of such consent,
4 Congress lacked the power to act contrary to state law. *Id.* at 541.  The Supreme Court found this
5 argument to be without merit because it confused Congress' derivative legislative powers, which
6 were not relevant to the case, with its powers under the Property Clause. *Id.* at 541-43.

7 As in *Kleppe*, it is not necessary for the United States in the instant case to satisfy the
8 "Acceptance of Jurisdiction" requirements under 40 U.S.C. § 3112.  These are requirements for
9 establishing concurrent or exclusive jurisdiction; they have no bearing on the establishment of
10 proprietary jurisdiction, which is based on the Property Clause.  Mr. Farrell cites *Adams v. United*
11 *States*, 319 U.S. 312 (1943), as precedent for the need for the federal government to establish
12 exclusive or concurrent jurisdiction in order to prosecute a federal crime on its property.  However,
13 the crime in *Adams* was not a Property Clause-based crime, and federal proprietary jurisdiction was
14 insufficient to allow the federal government to prosecute.  In *Adams*, the Supreme Court analyzed
15 whether federal exclusive or partial jurisdiction was established.  Here, where the Property Clause is
16 the basis for federal regulation, the establishment of federal exclusive, partial or concurrent
17 jurisdiction is irrelevant.

18 As demonstrated by the government, the record shows that both the State of California and
19 the City and County of San Francisco have quitclaimed their interests in the land in question to the
20 United States.  (Doc. #23, Exs. 10 & 11.)  Further, the Assistant Director of Real Estate for the City
21 and County of San Francisco has confirmed that the City and County of San Francisco holds no
22 interest in Block 1309, Lot 001, the parcel of land in which the China Beach parking lot is located.
23 (Doc. #23, Exs. 7-9.)

24 Mr. Farrell's counsel also raises evidentiary objections, including "the kitchen sink"
25 argument.  (Doc. #21 at 5:20).  The Court finds that these objections are without merit and, even if
26 the Court were to find in favor of Mr. Farrell on his objections, the exclusion of the exhibits at issue
27 does not change its findings.

**CONCLUSION**

Based on the analysis above, the Court **DENIES** Mr. Farrell's motion to dismiss.

**IT IS SO ORDERED.**

Dated: August 14, 2007

MARIA-ELENA JAMES
United States Magistrate Judge